CARLSON, Presiding Justice,
specially concurring:
¶ 35. While I embrace in toto the majority opinion authored by Justice Chandler, I write separately to expand the discussion concerning the first issue raised by Conners; namely, whether the trial court’s admission of the ballistics report and the toxicology report generated after the tests performed by Carl Fullilove and Alyssa Purcell, respectively, at the Mississippi Crime Laboratory, when Fullilove and Purcell did not testify, was error. In my opinion, the majority opinion correctly concludes that the admission of such evidence was error.
¶ 36. But I also agree with the majority opinion that this error was harmless beyond a reasonable doubt. “[I]t is clear beyond a reasonable doubt that [the error] did not contribute to the verdict.” Kolberg v. State, 829 So.2d 29, 51 (Miss.2002) (citing Conley v. State, 790 So.2d 773, 793 (Miss.2001)). See also Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). As pointed out in the majority opinion (¶ 32), the properly admitted evidence at trial reveals that proof of Conners’s guilt was overwhelming. Also, the majority opinion (¶ 21) appropriately discusses the harmless effect that the ballistics report and the toxicology report had on the outcome of the jury verdict. Thus, I will not belabor this point.
¶ 37. I move now to the main reason for my writing separately today. No doubt, this case addresses an important issue in criminal law — the Sixth Amendment right to confrontation — and this Court must be clear as to what the law requires in that regard. Other cases are pending before this Court in which we ultimately will address issues similar to the one before us today as a result of Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), and Bullcoming v. New Mexico, — U.S. —, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011). See also Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
¶ 38. I agree with the majority that the ballistics report and the toxicology report admitted at trial were testimonial in nature. The admission of those reports through Detective Haygood’s testimony, rather than through the live testimony of the analysts who prepared the reports, was a violation of Conners’s Sixth Amendment right to confrontation. However, I emphasize that neither Melendez-Diaz nor Bullcoming stands for the proposition that automatic per se error — much less reversible error — occurs in all cases where the primary analyst who performed the test and prepared the report (be it a ballistics, toxicology, or other type of test) fails to testify.
¶ 39. Forensic laboratory reports, like the reports at issue, are considered “testimonial” under the Confrontation Clause, and therefore, ordinarily cannot be admitted in court without the testimony of the analyst who performed the test or made the certification. Melendez, 129 S.Ct. at 2530-32, 2542. However, this Court recognizes, as does the United States Supreme Court, that laboratory work and *690 testing often involve multiple analysts, and in some instances, which someone other than the primary analyst who conducted the test can testify regarding the results. See Melendez-Diaz, 129 S.Ct. at 2532 n. 1; McGowen v. State, 859 So.2d 320, 339-40 (Miss.2003).
¶ 40. In McGowen v. State, the State sought to admit a crime lab report and, recognizing that the defendant’s right to confrontation was at issue, this Court had to determine which witnesses could satisfy the protections of the Confrontation Clause. McGowen, 859 So.2d at 338. We found that, although another analyst had performed the bulk of the work, an analyst who had assisted in the analysis and the preparation of the report was qualified to testify about the crime lab report. Id. at 339. In reaching that decision, we held that “when the testifying witness is a court-accepted expert in the relevant field who participated in the analysis in some capacity, such as by performing procedural checks, then the testifying witness does not violate a defendant’s Sixth Amendment rights.” Id.[2] This Court also found that the testifying analyst was “actively involved in the production of the report and had intimate knowledge of the analyses even though she did not perform the tests first hand.” Id. at 340.
¶ 41. The central inquiry for whether a witness can satisfy a defendant’s right to confrontation is twofold. First, we ask whether the witness has “intimate knowledge” of the particular report, even if the witness was not the primary analyst or did not perform the analysis firsthand. Id. Second, we ask whether the witness was “actively involved in the production” of the report at issue. Id. We require a witness to be knowledgeable about both the underlying analysis and the report itself to satisfy the protections of the Confrontation Clause. If an analyst can discuss competently the analysis performed, as well as the particular document being offered — in other words, the analyst can testify live regarding the testing, methodology, and results of the analysis, rather than simply relying on the document to speak for itself — a defendant is adequately protected by the Confrontation Clause.[3] The analyst in McGowen satisfied this criteria, because she had intimate knowledge of the analysis and was actively involved in the production of the report. Id. Thus, it was the analyst who ultimately testified; the report did not speak for itself.
¶42. More recently, in Bullcoming v. New Mexico, the United States Supreme Court was confronted with a situation in *691 which the principal evidence against a person on trial for aggravated DWI (driving while intoxicated) was a forensic laboratory report revealing that the defendant had tested well above the threshold for aggravated DWI. Bullcoming, 131 S.Ct. at 2709. The laboratory analyst who testified at trial was familiar with the laboratory’s testing procedures; however, the testifying analyst had not participated in or observed the testing of the defendant’s blood sample. Id. The Supreme Court succinctly stated the issue before it:
The question presented is whether the Confrontation Clause permits the prosecution to introduce a forensic laboratory report containing a testimonial certification — made for the purpose of proving a particular fact — through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification. We hold that surrogate testimony of that order does not meet the constitutional requirement.
Id. at 2710.
¶ 43. Justice Sotomayor wrote a separate opinion, concurring in part, in which she emphasized “the limited reach of the Court’s opinion.” Id. at 2719. In Bullcoming, the nontestifying analyst who actually tested the defendant’s blood sample was Curtis Caylor. Id. at 2710. The testifying analyst who had neither participated in, observed, nor reviewed Caylor’s testing and analysis was Gerasimos Razatos. Id. at 2712. Justice Sotomayor stated:
[T]his is not a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue. Razatos conceded on cross-examination that he played no role in producing the BAC report and did not observe any portion of Curtis Caylor’s conduct of the testing.... The court below also recognized Razatos’ total lack of connection to the test at issue.... It would be a different case if, for example, a supervisor who observed an analyst conducting a test testified about the results or a report about such results. We need not address what degree of involvement is sufficient because here Razatos had no involvement whatsoever in the relevant test and report.
Id. at 2722 (Sotomayor, J., concurring in part) (emphasis added).
¶ 44. As in Bullcoming, today’s case reveals that Detective Haygood had no involvement whatsoever in the tests or the generation of the reports as a result of the tests. Therefore, I agree with the majority that this was a Confrontation Clause violation, but the error was harmless because “it is clear beyond a reasonable doubt that it did not contribute to the verdict.” Kolberg, 829 So.2d at 51.
WALLER, C.J., DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., JOIN THIS OPINION.

. See also Brown v. State, 999 So.2d 853, 861 (Miss.Ct.App.2008) (The analyst who actually performed the DNA test did not testify; the testifying witness was the laboratory manager who "actively participated in the analysis” and checked the work done by the other analysts. The Court of Appeals held that the laboratory manager was "sufficiently involved with the analysis and overall process,” and the defendant’s Sixth Amendment right to confrontation was not violated.); Adams v. State, 794 So.2d 1049, 1057-58 (Miss.Ct.App.2001) (The testifying witness "supervised, witnessed!,] and checked the tests performed by his technician!,]” therefore, he was "not so far removed from the process as to be reduced to the level of a records custodian,” and the defendant's Sixth Amendment right was not violated.).

. It is not enough for one to be simply an expert in the field and knowledgeable about the testing methods used. Such an expert will not satisfy the criteria if he was not actually involved in the testing or preparation of the specific report at issue. See Debrow v. State, 972 So.2d 550, 554 (Miss.2007) (doctor was expert in toxicology, but had not been involved in testing or in producing report, and did not have intimate knowledge of the analyses; admitting test results without evidence that the doctor "actually performed the test or participated in its analysis” was error).